UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61253-CIV-DAMIAN

GERTRUDE GRECO,

     Plaintiff,

v.

UNITED STATES OF AMERICA,

     Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS [ECF NO. 15]

**THIS CAUSE** is before the Court on Defendant, United States of America's (the "United States" or "Defendant"), Motion to Dismiss Plaintiff's Complaint [ECF No. 15 ("Motion")], filed on June 24, 2026.

THE COURT has considered the Motion, the parties' memoranda [ECF Nos. 16 and 17], the pertinent portions of the record, and all relevant authorities and is otherwise fully advised. For the reasons that follow, this Court finds that the Motion is due to be granted.

### I.    BACKGROUND[1]

Plaintiff, Gertrude Greco ("Ms. Greco" or "Plaintiff"), filed a Complaint against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671–2680. Ms. Greco alleges that she fell on August 9, 2022, during routine security screening at a Transportation Security Administration ("TSA") checkpoint at Fort

---

[1] The facts set forth here are taken from the allegations in the Complaint. [ECF No. 1]. For purposes of considering the Motion, the allegations in the Complaint are accepted as true and construed in the light most favorable to Plaintiff, the non-movant. *See Devengoechea v. Bolivarian Republic of Venezuela*, 889 F.3d 1213, 1220 (11th Cir. 2018).

Lauderdale-Hollywood International Airport. Compl. ¶¶ 11–25. Ms. Greco suffers from mobility limitations and requires the use of a wheelchair. *Id.* ¶ 12. Ms. Greco alleges that she "expressly informed TSA personnel that she had difficulty maintaining balance," but that TSA personnel nevertheless required her "to stand without providing adequate assistance." *Id.* ¶ 15–16. According to the Complaint, while Ms. Greco was standing in an "unstable position," TSA personnel "forcefully manipulated" her leg and "failed to stabilize, support, or otherwise ensure [her] safety during the screening," resulting in Ms. Greco losing her balance and falling backward to the ground with force. *Id.* ¶¶ 17–20. Ms. Greco claims she "struck multiple parts of her body, including her head, neck, back, and extremities" and "sustained serious and permanent injuries." *Id.* ¶¶ 21–22.

On April 28, 2026, Ms. Greco filed the Complaint against the United States pursuant to the FTCA. [ECF No. 1]. In the Complaint, Ms. Greco asserts a single negligence count and seeks damages in the amount of $200,000. Ms. Greco alleges that she "has complied with all conditions precedent to bringing this action," including timely submitting an administrative claim (Standard Form 95) to the TSA. *Id.* ¶¶ 7–8. Ms. Greco further alleges that her "claim was denied, or more than six months elapsed without final disposition." *Id.* ¶ 10.

On June 24, 2026, the United States filed the Motion now before this Court seeking dismissal of this action on grounds the claims are time-barred, and, therefore, this Court lacks subject matter jurisdiction. On July 6, 2026, Ms. Greco filed a Response [ECF No. 16], and on July 10, 2026, the United States filed a Reply. [ECF No. 17]. The Motion is fully briefed and ripe for adjudication.

## II.    LEGAL STANDARD

In the Motion, Defendant invokes Federal Rule of Civil Procedure 12(b)(1), which provides for dismissal of an action for "lack of subject-matter jurisdiction." However, the Supreme Court has made clear that time bars under the FTCA "are nonjurisdictional and subject to equitable tolling." *United States v. Wong*, 575 U.S. 402, 420 (2015). Accordingly, the Eleventh Circuit treats motions to dismiss based on the time bars in 28 U.S.C. § 2401(b) as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), not 12(b)(1). *See Harris v. United States*, 627 F. App'x 877, 879–80 (11th Cir. 2015); *see also United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811–12 (11th Cir. 2015) (reviewing motion to dismiss under Rule 12(b)(6) because defense was nonjurisdictional, even though district court had considered the motion to dismiss as raising a subject matter jurisdiction defense under Rule 12(b)(1)). As such, this Court treats Defendant's Motion as a motion to dismiss under Rule 12(b)(6). *See, e.g.*, *Dagnesses v. United States*, No. 25-CV-23940-RAR, 2026 WL 501951, at * 1 (S.D. Fla. Feb. 23, 2026) (Ruiz, J.) (treating defendant's motion to dismiss on grounds plaintiff failed to comply with all conditions precedent pursuant to the FTCA under Rule 12(b)(6)); *Harrison v. United States*, No. 8:24-cv-01610, 2025 WL 418008, at *2 (M.D. Fla. Feb. 6, 2025) (deciding defendant's motion under Rule 12(b)(6) because the FTCA's limitations period under § 2401(b) is nonjurisdictional (citing *Wong*, 572 U.S. at 420; *Harris*, 627 F. App'x at 878–79)).

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a complaint that does not satisfy the applicable pleading requirements for "failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v.*

3

*Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). The Court must review the complaint in the light most favorable to the plaintiff and must generally accept the plaintiff's well-pleaded facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, pleadings that "are no more than conclusions[ ] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A dismissal for failure to state a claim under Rule 12(b)(6) is a "judgment on the merits" and is "presumed to operate as a dismissal with prejudice unless the district court specifies otherwise." *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925, 929 (11th Cir. 2016) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001)).

## III.   DISCUSSION

### A.  The Federal Tort Claims Act.

The doctrine of sovereign immunity "bars suit against the United States except to the extent that it consents to be sued." *Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999). The FTCA constitutes a limited waiver of sovereign immunity. *Phillips v. United States*, 260 F.3d 1316, 1318 (11th Cir. 2001). The FTCA was designed "to remove the sovereign immunity of the United States from suits in tort and, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances." *Richards v. United States*, 369 U.S. 1, 6 (1962).

A claimant seeking to sue the United States under the FTCA must abide by certain procedural requirements. Section 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of

4

mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). The federal regulation governing claims under § 2401(b) states, "Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail." 28 C.F.R. § 14.9.

Thus, a tort claim against the United States must be (1) "presented in writing to the appropriate Federal agency within two years after such claim accrues," and (2) the complaint must be filed with the federal court "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). A tort claim that fails to meet these timeliness requirements under the FTCA is "forever barred." 28 U.S.C. § 2401(b).

### B.  Timeliness of Plaintiff's Claims.

The United States argues that Ms. Greco's claims should be dismissed as time-barred under the FTCA because she did not timely file suit as required by § 2401(b). The United States attached to its Motion to Dismiss (1) a copy of Ms. Greco's administrative claim (Standard Form 95) [ECF No. 15-1], (2) a copy of the September 11, 2025 agency denial letter addressed to Ms. Greco's counsel [ECF No. 15-2], and (3) the United States Postal Service ("USPS") tracking history for the denial letter [ECF No. 15-3]. This Court may consider the exhibits submitted in support of the Motion to Dismiss because they are central to Ms. Greco's claims and referenced in the Complaint. *See Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (courts may consider documents that are central to the claims made in the complaint).[2]

---

[2] In reviewing a Rule 12(b)(6) limitations challenge under the FTCA, courts often consider documents, such as a denial letter from the federal agency, without converting the motion

Ms. Greco submitted her administrative claim to TSA on May 4, 2023. [ECF No. 15-1]. There is no dispute that Ms. Greco timely presented her claim to the appropriate federal agency within the two-year limitations period from the time her tort claim accrued. TSA sent a claim denial letter to Ms. Greco's counsel's law firm address via certified mail on September 11, 2025. [ECF No. 15-2]. The denial letter states that the claim was "determined to be not compensable and denied by the deciding official" and that Ms. Greco may file suit in federal district court "not later than six months after the mailing date of this letter." *Id.* The USPS tracking services webpage indicates that the letter was "delivered to an individual" on September 19, 2025. [ECF No. 15-3]. Ms. Greco did not file her Complaint until April 28, 2026 — 48 days after the statutory deadline (*i.e.*, March 11, 2026). [ECF No. 1]. Because Ms. Greco filed this action over seven months from the mailing of the agency denial letter, her action is not timely as required by 28 U.S.C. § 2401(b).

Ms. Greco argues that the United States has not shown that it delivered the denial letter to her attorney. According to Ms. Greco, the statute requires actual receipt of the denial letter to trigger the limitations period. Resp. at 7. Ms. Greco claims that her counsel never received the letter because it was sent to an address that was no longer current after counsel relocated his office. Ms. Greco contends the United States has failed to establish actual receipt and has "produced no competent evidence identifying the individual who allegedly accepted

into that for summary judgment. *See, e.g.*, *Burnette v. Veterans Healthcare Sys. of Ala.*, No. 2:17-cv-720-MHT, 2018 WL 3119061, at *5 (M.D. Ala. June 7, 2018) (finding it could consider the agency denial letter when deciding a Rule 12(b)(6) motion because it was central to the plaintiff's FTCA claim and the authenticity was not challenged); *see also Hunt v. U.S. Dep't of Veterans Affairs*, No. 18-9443, 2019 WL 1236835, at *4 (D.N.J. Mar. 14, 2019) (finding when deciding Rule 12(b)(6) motion court could consider the VA's denial of plaintiff's administrative claim and its denial on reconsideration, because the records are considered not for the truth of the statements therein, but rather for their existence and legal effect).

delivery" on her behalf. *Id.* at 6–10. Ms. Greco's counsel submitted an affidavit in which he states that he changed offices effective July 1, 2025, and that he requested USPS mail forwarding. [ECF No. 16-1, at 2]. Ms. Greco's counsel further asserts that he never personally received the September 11, 2025 agency denial letter and that he "did not receive actual notice of TSA's final administrative determination until well after September 11, 2025." *Id.* at 3. Notably, Ms. Greco's counsel does not indicate *when* he actually did receive notice of the denial letter, nor does he indicate whether he informed the agency or its counsel of the new address or whether he had a system in place for managing deliveries to the former office other than relying on a request for USPS forwarding.

The administrative tort claim denial letter was mailed on September 11, 2025, and USPS tracking history shows that it was delivered on September 19, 2025. The denial letter clearly warned that if Ms. Greco wished to file suit, she must do so "*no later than six months after the date of the mailing of this denial.*" [ECF No. 15-2] (emphasis added). Accordingly, the denial letter provided Ms. Greco clear notice of the date by which she must file suit, yet she filed suit 48 days after the statutory cutoff. Ms. Greco's argument that the clock should not have started to run until the denial letter was actually delivered to her counsel is foreclosed because the Eleventh Circuit strictly enforces the six-month filing requirement to run from the time of mailing of a denial letter, not the time of receipt. *See, e.g.*, *Bello v. United States*, 757 F. App'x 819, 821–24 (11th Cir. 2018) (finding plaintiff's complaint was time-barred because it was filed eleven days after the six-month limitations period following mailing of the agency's denial letter); *Dotson v. United States*, 30 F.4th 1259, 1268 (11th Cir. 2022) (holding that plaintiffs' FTCA claims were untimely under § 2401(b) because "they were filed more than six months after the mailing of the denial letter"); *Shoff v. United States*, 245 F.3d 1266, 1268

(11th Cir. 2001) (affirming dismissal of plaintiff's complaint because it was not filed within the six-month limitation of § 2401(b) after agency mailed the denial letter to plaintiff). Notably, Ms. Greco does not dispute that mailing is the triggering event under 28 U.S.C. § 2401(b).[3] *See* Resp. at 19. Because Ms. Greco did not file her complaint within the statutory period, her claim is presumptively "forever barred." 28 U.S.C. § 2401(b).

### C. Equitable Tolling

Ms. Greco argues that even if her Complaint is untimely when measured from the date of mailing of the denial letter, she is entitled to equitable tolling of the six-month limitations period. Resp. at 13–17. As noted above, the Supreme Court has held that "the FTCA's time bars are nonjurisdictional and subject to equitable tolling." *United States v. Wong*, 575 U.S. 402, 420 (2015). "The doctrine of equitable tolling allows a court to toll the statute of limitations until such a time that the court determines would have been fair for the statute of limitations to begin running on the plaintiff's claims." *Dotson v. United States*, 30 F.4th 1259, 1268 (11th Cir. 2022) (citation modified). Equitable tolling is proper only "when a movant untimely files because of *extraordinary circumstances* that are both beyond [her] control and unavoidable even with diligence." *Id.* (citation modified). As the Supreme Court explained in *Wong*, equitable tolling applies only when a plaintiff "has pursued [her] rights diligently but some extraordinary circumstance prevents [her] from meeting a deadline." 575 U.S. at 408

---

[3] The regulation under 28 C.F.R. § 14.9(a) further provides:

> Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail. The notification of final denial may include a statement of the reasons for the denial and shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of *mailing* of the notification.

(internal quotation marks omitted). The Eleventh Circuit has addressed the application of equitable tolling in a similar context as presented here and explained, "[T]he principles of equitable tolling . . . do not extend to . . . a garden variety claim of excusable neglect." *Dotson*, 30 F.4th at 1269.

Thus, Ms. Greco bears the "difficult burden" of demonstrating equitable tolling of the limitations period is appropriate. *Id.* at 1268–69; *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004).

In her Response, Ms. Greco argues that she has exercised diligence throughout the administrative and litigation process and that the totality of the circumstances warrant equitable tolling. She points to her counsel's office relocation, the request for mail forwarding to counsel's new office address, and counsel's affidavit indicating that he did not actually receive the denial letter as extraordinary circumstances beyond her control. Resp. at 15–16. In *Dotson*, the Eleventh Circuit concluded that similar circumstances "amount[ed] to a garden variety claim of excusable neglect" and were not "extraordinary circumstances warranting equitable tolling." 30 F.4th at 1270. There, the plaintiffs filed a lawsuit more than six months after the government agency mailed its denial letter to the address provided by the plaintiffs' previous counsel. *See id.* at 1268. The plaintiffs' current counsel, who were at a different firm and a different address, did not receive the denial letter. *See id.* at 1269. The current counsel continued to pursue the plaintiffs' case and discussed the possibility of settlement with counsel for the government. *See id.* When current counsel finally received the denial letter, the limitations period had already run. Despite the change of counsel and law office location, the court concluded that the plaintiff failed to establish the diligence necessary for entitlement to equitable tolling. *See id.* at 1270. The Eleventh Circuit pointed out that there was no evidence

9

that the plaintiffs or their counsel "diligently searched for the existence of the denial letter or inquired into the status of the administrative claims, *e.g.*, by contacting the [previous] firm, the [agency], or even the government's trial counsel about those matters." *Id.*

Likewise, here, Ms. Greco established neither extraordinary circumstances nor the exercise of reasonable diligence necessary to justify the extraordinary remedy of equitable tolling. Ms. Greco has not alleged that her attorney directly notified TSA about his change of address or that he had a reasonable system in place for monitoring legal mail sent to his former address. Instead, Ms. Greco argues only that "TSA's mailing to counsel's former address— without verifying current contact information and without obtaining any signed receipt— cannot satisfy the agency's regulatory obligation to ensure effective notice." Resp. at 21. In other words, Ms. Greco contends the burden was on the agency to diligently keep track of her attorney's current address. As the Eleventh Circuit recently noted, that argument "would have us upend the requirements for who must be diligent." *Peak v. United States*, No. 25-11797, 2026 WL 202155, at *3 (11th Cir. Jan. 27, 2026). The Eleventh Circuit's equitable tolling precedent makes clear that "[t]he burden of diligence in complying with the filing deadline is on the plaintiff, not the [federal agency]." *Id.* at *3 (citing *Dotson*, 30 F.4th at 1270).

While this Court is sympathetic to Ms. Greco's predicament, the circumstances she points to do not demonstrate that she pursued her rights diligently. *See Wong*, 575 U.S. at 420. This Court notes that Ms. Greco could have preserved her claims had she filed suit within the period allowed under 28 U.S.C. § 2675(a), as it provides that a claim is functionally denied where an agency fails to deliver a response within six months from the submission of a SF-95 form. *See* 28 U.S.C. § 2675(a) ("The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be

deemed a final denial of the claim for purposes of this section."). Thus, assuming Ms. Greco's counsel never received notice of the denial letter, Ms. Greco could have filed suit six months after she presented her claim to TSA, or any time after November 4, 2023. Ms. Greco's inaction for almost *three years* from the submission of her administrative claim on May 4, 2023, to the filing of the instant action on April 28, 2026, also demonstrates a lack of diligence in pursuing her rights as required to justify equitable tolling.

In sum, Ms. Greco has not met her burden of showing that she is entitled to equitable tolling and, therefore, her claims under the FTCA are time-barred and due to be dismissed with prejudice.[4]

---

[4] A "dismissal for failure to state a claim under [Rule 12(b)(6)] is a 'judgment on the merits.'" *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981)). An adjudication on the merits is, in turn, presumed to operate as a dismissal with prejudice unless the district court specifies otherwise. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (finding that "an 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice'"); 9 Fed. Prac. & Proc. Civ. § 2373 (3d ed.) (noting that "many federal courts have held that a dismissal" under Rule 12(b)(6), which qualifies as an "involuntary dismissal" under the federal rules, "would be a dismissal with prejudice"). "Thus, under the federal procedural rules, the district court need not provide specific justification for dismissing with prejudice, as this is the default effect of a proper Rule 12(b)(6) dismissal." *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925, 929–30 (11th Cir. 2016).

11

### IV.   CONCLUSION

Accordingly, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the United States of America's Motion to Dismiss Plaintiff's Complaint **[ECF No. 15]** is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is directed to **CLOSE** this case. Any deadlines previously set are **TERMINATED**, and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 27th day of July, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record